Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Helen N. Acheson
aka Noreen Acheson**
   Debtor(s)

Bankruptcy Case No.: 19–20849–JAD
Issued Per Apr. 15, 2019 Proceeding
Chapter: 13
Docket No.: 20 – 11
Concil. Conf.: September 12, 2019 at 09:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 11, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Sep. 12, 2019 at 09:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: The liquidation alternative requirement is zero.
The secured claim of First National Bank of PA at Claim No. 1 shall govern as to claim amount, to be paid at the modified plan terms.

*(2.)   IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.      Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.      Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.      Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.      Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.      Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: April 23, 2019

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 19-20849-JAD
Helen N. Acheson                                                      Chapter 13
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: jhel              Page 1 of 2              Date Rcvd: Apr 23, 2019
                              Form ID: 149            Total Noticed: 28

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 25, 2019.
db             +Helen N. Acheson,    102 Herron Street, Box 724,    Midway, PA 15060-1121
15004783       +Allegheny Health Network,    PO Box 645266,    Pittsburgh, PA 15264-5250
15004784        Allegheny Health Network,    PO Box 6458266,    Pittsburgh, PA 15264
15004785       +Apria HealthCare,    PO Box 724,   Midway, PA 15060-0724
15015901       +COMCAST,    PO BOX 1931,   Burlingame, CA 94011-1931
15004787       +Commonwealth Financial Systems,    245 Main Street,    Scranton, PA 18519-1641
15004788       +Commonwealth health Systems,    245 Main Street,    Scranton, PA 18519-1641
15004791        EBAY,    2415 Hamiliton Avenue,    San Jose, CA 95125
15004792       +First National Bank,    3015 Glimcher Boulevard,    Hermitage, PA 16148-3343
15015153       +First National Bank of Pennsylvania,    4140 E. State Street,    Hermitage, PA 16148-3401
15004793        Health Care Solutions,    PO Box 690397,    Midway, PA 15060
15004794       +Lending Club,    PO Box 659622,    San Antonio, TX 78265-9622
15004795       +Lifeline Sleep Centers,    PO Box 1259,   Department#140418,    Oaks, PA 19456-1259
15004797       +Penny Mac,    PO Box 514387,   Los Angeles, CA 90051-4387
15004798       +State Collection Service,    PO Box 1280,   Oaks, PA 19456-1280
15004802       +Washington Health System,    PO Box 16243,    Pittsburgh, PA 15242-0243

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 24 2019 02:30:19
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15004786       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 24 2019 02:30:43     Capital One,
                 PO Box 71083,    Charlotte, NC 28272-1083
15029128        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 24 2019 02:30:18
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC  28272-1083
15004789       +E-mail/PDF: creditonebknotifications@resurgent.com Apr 24 2019 02:30:22     Credit One Bank,
                 PO Box 60500,    City of Industry, CA 91716-0500
15004790       +E-mail/Text: legal@delta.org Apr 24 2019 02:29:41     Delta Dental,   PO Box 1809,
                 Alpharetta, GA 30023-1809
15030384        E-mail/Text: bkr@cardworks.com Apr 24 2019 02:28:46     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
15004796       +E-mail/Text: bkr@cardworks.com Apr 24 2019 02:28:46     Merrick Bank,   PO Box 660702,
                 Dallas, TX 75266-0702
15018855        E-mail/Text: bnc-quantum@quantum3group.com Apr 24 2019 02:29:12
                 Quantum3 Group LLC as agent for,    CF Medical LLC,   PO Box 788,   Kirkland, WA  98083-0788
15004799       +E-mail/PDF: gecsedi@recoverycorp.com Apr 24 2019 02:30:13     Sychrony Bank/Lowes,
                 PO Box 105972,    Atlanta, GA 30348-5972
15005067        E-mail/PDF: gecsedi@recoverycorp.com Apr 24 2019 02:30:37     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15004800       +E-mail/PDF: gecsedi@recoverycorp.com Apr 24 2019 02:30:14     Synchrony Bank/Care Credit,
                 PO Box 960061,    Orlando, FL 32896-0061
15004801       +E-mail/PDF: gecsedi@recoverycorp.com Apr 24 2019 02:30:38     Synchrony Bank/Walmart,
                 PO Box 105972,    Atlanta, GA 30348-5972
                                                                                              TOTAL: 12

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PENNYMAC LOAN SERVICES, LLC
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 25, 2019                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-2          User: jhel                Page 2 of 2                   Date Rcvd: Apr 23, 2019
                              Form ID: 149              Total Noticed: 28
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 23, 2019 at the address(es) listed below:
          James   Warmbrodt    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
          Joseph Peter Nigro    on behalf of Debtor Helen N. Acheson nigroj@verizon.net,
           chrissyvock86@yahoo.com;jasonjkelley@comcast.net;nigrojr73104@notify.bestcase.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                               TOTAL: 4

Case 19-20849-JAD    Doc 22    Filed 04/25/19    Entered 04/26/19 00:50:38    Desc Imaged
Certificate of Notice    Page 5 of 5