Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Helen N. Acheson**
**aka Noreen Acheson**
  Debtor(s)

Bankruptcy Case No.: 19–20849–JAD
Issued Per Sep. 12, 2019 Proceeding
Chapter: 13
Docket No.: 33 – 11, 20
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

   IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 11, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $797 as of September 2019. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: PennyMac Loan Services at Claim No. 13 .

☑ H.   Additional Terms: The secured claim of First National Bank of Pennsylvania (Claim No. 1) shall govern as to claim amount, to be paid at the modified plan terms.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: September 16, 2019

Jeffery A. Deller
United States Bankruptcy Judge

cc: All Parties in Interest to be served by Clerk in seven (7) days

```
                          United States Bankruptcy Court
                         Western District of Pennsylvania
In re:                                                                     Case No. 19-20849-JAD
Helen N. Acheson                                                           Chapter 13
         Debtor
                                 CERTIFICATE OF NOTICE
District/off: 0315-2          User: jhel                   Page 1 of 2                  Date Rcvd: Sep 16, 2019
                              Form ID: 149                 Total Noticed: 33


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 18, 2019.
db             +Helen N. Acheson,    102 Herron Street, Box 724,    Midway, PA 15060-1121
15004783       +Allegheny Health Network,    PO Box 645266,    Pittsburgh, PA 15264-5250
15004784        Allegheny Health Network,    PO Box 6458266,    Pittsburgh, PA 15264
15004785       +Apria HealthCare,    PO Box 724,    Midway, PA 15060-0724
15015901       +COMCAST,    PO BOX 1931,    Burlingame, CA 94011-1931
15004787       +Commonwealth Financial Systems,    245 Main Street,    Scranton, PA 18519-1641
15004788       +Commonwealth health Systems,    245 Main Street,    Scranton, PA 18519-1641
15004791        EBAY,    2415 Hamiliton Avenue,    San Jose, CA 95125
15004792       +First National Bank,    3015 Glimcher Boulevard,    Hermitage, PA 16148-3343
15015153       +First National Bank of Pennsylvania,    4140 E. State Street,    Hermitage, PA 16148-3401
15004793        Health Care Solutions,    PO Box 690397,    Midway, PA 15060
15004794       +Lending Club,    PO Box 659622,    San Antonio, TX 78265-9622
15004795       +Lifeline Sleep Centers,    PO Box 1259,    Department#140418,    Oaks, PA 19456-1259
15004797       +Penny Mac,    PO Box 514387,    Los Angeles, CA 90051-4387
15051812       +PennyMac Loan Services, LLC,    P.O. Box 2410,    Moorpark, CA 93020-2410
15004798        State Collection Service,    PO Box 1280,    Oaks, PA 19456-1280
15004802       +Washington Health System,    PO Box 16243,    Pittsburgh, PA 15242-0243
15047717       +Windstream,    Attn: Financial Services,    1720 Galleria Blvd,    Charlotte, NC 28270-2408

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 17 2019 03:59:45
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15004786       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 17 2019 03:59:40     Capital One,
                 PO Box 71083,    Charlotte, NC 28272-1083
15029128        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 17 2019 03:59:40
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC 28272-1083
15004789       +E-mail/PDF: creditonebknotifications@resurgent.com Sep 17 2019 03:58:58     Credit One Bank,
                 PO Box 60500,    City of Industry, CA 91716-0500
15004790       +E-mail/Text: legal@delta.org Sep 17 2019 03:53:38     Delta Dental,    PO Box 1809,
                 Alpharetta, GA 30023-1809
15041918        E-mail/PDF: resurgentbknotifications@resurgent.com Sep 17 2019 03:59:07     LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
15030384        E-mail/Text: bkr@cardworks.com Sep 17 2019 03:52:08     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
15004796       +E-mail/Text: bkr@cardworks.com Sep 17 2019 03:52:08     Merrick Bank,    PO Box 660702,
                 Dallas, TX 75266-0702
15018855        E-mail/Text: bnc-quantum@quantum3group.com Sep 17 2019 03:52:42
                 Quantum3 Group LLC as agent for,    CF Medical LLC,    PO Box 788,    Kirkland, WA 98083-0788
15046563        E-mail/Text: bnc-quantum@quantum3group.com Sep 17 2019 03:52:42
                 Quantum3 Group LLC as agent for,    Comenity Capital Bank,    PO Box 788,
                 Kirkland, WA 98083-0788
15004799       +E-mail/PDF: gecsedi@recoverycorp.com Sep 17 2019 03:58:49     Sychrony Bank/Lowes,
                 PO Box 105972,    Atlanta, GA 30348-5972
15005067       +E-mail/PDF: gecsedi@recoverycorp.com Sep 17 2019 03:58:49     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15048568       +E-mail/PDF: gecsedi@recoverycorp.com Sep 17 2019 03:58:49     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk VA 23541-1021
15004800       +E-mail/PDF: gecsedi@recoverycorp.com Sep 17 2019 03:59:36     Synchrony Bank/Care Credit,
                 PO Box 960061,    Orlando, FL 32896-0061
15004801       +E-mail/PDF: gecsedi@recoverycorp.com Sep 17 2019 03:59:38     Synchrony Bank/Walmart,
                 PO Box 105972,    Atlanta, GA 30348-5972
                                                                                               TOTAL: 15

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PENNYMAC LOAN SERVICES, LLC
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2019                                      Signature:  /s/Joseph Speetjens

```
District/off: 0315-2           User: jhel              Page 2 of 2            Date Rcvd: Sep 16, 2019
                               Form ID: 149            Total Noticed: 33
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 16, 2019 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
              Joseph Peter Nigro    on behalf of Debtor Helen N. Acheson nigroj@verizon.net,
               chrissyvock86@yahoo.com;jasonjkelley@comcast.net;nigrojr73104@notify.bestcase.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 4
```